IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN BONTTY,

        Petitioner,                    No. 2:12-cv-1010 KJN P

    vs.

J. WALKER, Warden,

        Respondent.             ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenges the *fact or duration* of a petitioner's conviction. Habeas corpus is the exclusive remedy for a prisoner who is challenging the fact or duration of his confinement and seeking

---

[1] The instant petition is deemed filed on June 30, 2010, the date petitioner presented the petition to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

1

1   immediate or speedier release.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973).  By contrast,
2   a civil rights action brought pursuant to 42 U.S.C. § 1983, challenges the *conditions* of the
3   prisoner's confinement.
4          In the instant petition, petitioner contends that respondent violated regulations
5   concerning petitioner's access to a television.  This allegation does not challenge the fact or
6   duration of petitioner's conviction.  Therefore, petitioner's claim is not appropriately brought as a
7   petition for writ of habeas corpus and must be dismissed; petitioner's claim is more appropriately
8   raised as a conditions of confinement claim under 42 U.S.C. § 1983.
9          The court is required to screen complaints brought by prisoners seeking relief
10  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
11  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
12  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
13  granted, or that seek monetary relief from a defendant who is immune from such relief.
14  28 U.S.C. § 1915A(b)(1),(2).
15         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28
17  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
18  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
19  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
20  pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
21  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.
22         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
23  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>
25  <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47
26  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the petitioner. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Petitioner is advised that prisoners do not have a constitutional right to a television. Thus, the petition fails to state a cognizable civil rights claim. In an abundance of caution, however, petitioner will be granted leave to file an amended civil rights complaint. Petitioner is not required to file an amended complaint; petitioner may opt to voluntarily dismiss this action.

If petitioner chooses to amend the complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give him or her an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Petitioner must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

Finally, petitioner is cautioned that he must have exhausted his administrative remedies as to each civil rights claim prior to filing the instant action. The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's petition for writ of habeas corpus is dismissed;

////

4

       3. Within thirty days from the date of this order, petitioner shall complete the attached Notice of Election and submit the following documents to the court:

       a. The completed Notice of Election; and

       b. If electing to amend, an original and one copy of the Amended Complaint. Petitioner's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file the Notice of Election in accordance with this order will result in the dismissal of this action; and

       4. The Clerk of the Court is directed to send petitioner a civil rights complaint form.

DATED: April 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bont1010.114

5

```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10  RUBEN BONTTY,
11          Petitioner,                    No. 2:12-cv-1010 KJN P
12      vs.
13  J. WALKER, Warden,
14          Respondent.                    NOTICE OF ELECTION
15  _____/
16          Petitioner hereby elects the following option in compliance with the court's order
17  filed _____:
18          _____        Amended Complaint - amended complaint appended
19          OR
20          _____        Petitioner elects to voluntarily dismiss this action.
                                Fed. R. Civ. P. 41(a).
21
    DATED:
22
23
                                            _____
24                                          Petitioner
25
26
```