1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUBEN BONTTY,

11              Petitioner,              No. 2:12-cv-1010 KJN P

12        vs.

13   J. WALKER, Warden,

14              Respondent.              <u>ORDER</u>

15   _____/

16              Petitioner, a state prisoner proceeding without counsel, filed a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254,[1] together with a request to proceed in forma

18   pauperis.

19              Examination of the affidavit reveals petitioner is unable to afford the costs of this

20   action.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

21              A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254

22   challenges the *fact or duration* of a petitioner's conviction.  Habeas corpus is the exclusive

23   remedy for a prisoner who is challenging the fact or duration of his confinement and seeking

24   _____

25        [1]  The instant petition is deemed filed on June 30, 2010, the date petitioner presented the
     petition to prison authorities for mailing.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 275-76 (1988) (pro
26   se prisoner filing is dated from the date prisoner delivers it to prison authorities).

1

1   immediate or speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).  By contrast,

2   a civil rights action brought pursuant to 42 U.S.C. § 1983, challenges the *conditions* of the

3   prisoner's confinement.

4            In the instant petition, petitioner contends that respondent violated regulations

5   concerning petitioner's access to a television.  This allegation does not challenge the fact or

6   duration of petitioner's conviction.  Therefore, petitioner's claim is not appropriately brought as a

7   petition for writ of habeas corpus and must be dismissed; petitioner's claim is more appropriately

8   raised as a conditions of confinement claim under 42 U.S.C. § 1983.

9            The court is required to screen complaints brought by prisoners seeking relief

10  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

11  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

12  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

13  granted, or that seek monetary relief from a defendant who is immune from such relief.

14  28 U.S.C. § 1915A(b)(1),(2).

15           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

17  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

18  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

19  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

20  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

21  Cir. 1989); Franklin, 745 F.2d at 1227.

22           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

23  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

26  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

2

1   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

2   allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

3   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

4   notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

5   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

6   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

7   as true the allegations of the complaint in question, id., and construe the pleading in the light

8   most favorable to the petitioner.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

9          Petitioner is advised that prisoners do not have a constitutional right to a

10   television.  Thus, the petition fails to state a cognizable civil rights claim.  In an abundance of

11   caution, however, petitioner will be granted leave to file an amended civil rights complaint.

12   Petitioner is not required to file an amended complaint; petitioner may opt to voluntarily dismiss

13   this action.

14          If petitioner chooses to amend the complaint, he must demonstrate how the

15   conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

16   v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

17   named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there

18   is some affirmative link or connection between a defendant's actions and the claimed

19   deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

20   F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

21   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

22   268 (9th Cir. 1982).

23          A district court must construe a pro se pleading "liberally" to determine if it states

24   a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give him or her

25   an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

26   While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

3

1   cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

2   S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

3   Petitioner must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

4   is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility
> and plausibility of entitlement to relief.

10  Id. (citations and quotation marks omitted).  Although legal conclusions can provide the

11  framework of a complaint, they must be supported by factual allegations, and are not entitled to

12  the assumption of truth.  Id. at 1950.

13          Finally, petitioner is cautioned that he must have exhausted his administrative

14  remedies as to each civil rights claim prior to filing the instant action.  The Prison Litigation

15  Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be

16  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

17  a prisoner confined in any jail, prison, or other correctional facility until such administrative

18  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion in prisoner cases

19  covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Exhaustion is

20  a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve

21  general circumstances or particular episodes, and whether they allege excessive force or some

22  other wrong.  Porter, 534 U.S. at 532.

23          Therefore, IT IS HEREBY ORDERED that:

24          1.  Petitioner is granted leave to proceed in forma pauperis;

25          2.  Petitioner's petition for writ of habeas corpus is dismissed;

26  ////

1          3.  Within thirty days from the date of this order, petitioner shall complete the

2    attached Notice of Election and submit the following documents to the court:

3          a.  The completed Notice of Election; and

4          b.  If electing to amend, an original and one copy of the Amended

5          Complaint.  Petitioner's amended complaint shall comply with the

6          requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,

7          and the Local Rules of Practice.  The amended complaint must also bear

8          the docket number assigned to this case and must be labeled "Amended

9          Complaint."

10   Failure to file the Notice of Election in accordance with this order will result in the dismissal of

11   this action; and

12         4.  The Clerk of the Court is directed to send petitioner a civil rights complaint

13   form.

14   DATED:  April 25, 2012

15

16

17   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

18   bont1010.114

19

20

21

22

23

24

25

26

5

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RUBEN BONTTY,

11              Petitioner,                    No. 2:12-cv-1010 KJN P

12        vs.

13    J. WALKER, Warden,

14              Respondent.                    <u>NOTICE OF ELECTION</u>

15    _____/

16              Petitioner hereby elects the following option in compliance with the court's order

17    filed _____:

18              _____          Amended Complaint - amended complaint appended

19              OR

20              _____          Petitioner elects to voluntarily dismiss this action.
                                         Fed. R. Civ. P. 41(a).

21

22    DATED:

23

24                                       _____
                                         Petitioner

25

26